USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/16/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIANQIAO LU,

                Plaintiff,

-against-

MIRIAM E. ROCAH, in her official capacity as District Attorney for Westchester County; CATALINA BLANCO BUITRAGO, in her official capacity as Assistant District Attorney for Westchester County; LETITIA A. JAMES, in her official capacity as Attorney General of the State of New York; KATHY C. HOCHUL, in her official capacity as Governor of the State of New York,

                Defendants.

7:22-CV-9715 (NSR)

ORDER OF SERVICE

---

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Jianqiao Lu, who is currently held as a pretrial detainee in the Westchester County Jail, brings this *pro se* action under 42 U.S.C. § 1983, challenging the constitutionality of certain sections of the New York Penal Law. He seeks injunctive and declaratory relief. Plaintiff sues, in their respective official capacities, the following defendants; (1) Miriam E. Rocah, the District Attorney of Westchester County; (2) Catalina Blanco Buitrago, a Westchester County Assistant District Attorney who, Plaintiff alleges, is currently prosecuting him; (3) Letitia A. James, the Attorney General of the State of New York; and (4) Kathy C. Hochul, the Governor of the State of New York. With his complaint, Plaintiff has filed a motion for the appointment of *pro bono* counsel.

By order dated November 15, 2022, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court directs service on Defendants. For the reasons discussed below, the Court denies Plaintiff's motion for the appointment of *pro bono* counsel without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

## DISCUSSION

**A.**     **Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue a summons for each defendant and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon each defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

**B.** **Motion for the Appointment of *Pro Bono* Counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because it is too early in the proceedings for the Court to assess the merits of Plaintiff's claims, the Court denies Plaintiff's motion for the appointment of *pro bono* counsel without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package, and to show service on the docket.

The Court also directs the Clerk of Court to issue a summons for each of the defendants; complete USM-285 forms with the addresses for the defendants; and deliver all documents necessary to effect service on the defendants to the U.S. Marshals Service.

The Court denies Plaintiff's motion for the appointment of *pro bono* counsel (ECF 4) without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

SO ORDERED.

Dated: December 16, 2022
       White Plains, New York

NELSON S. ROMÁN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Miriam E. Rocah
   District Attorney of Westchester County
   City Court Building
   77 South Lexington Avenue
   White Plains, New York 10601

2. Catalina Blanco Buitrago
   Assistant District Attorney
   Westchester County District Attorney's Office
   City Court Building
   77 South Lexington Avenue
   White Plains, New York 10601

3. Letitia A. James
   Attorney General of the State of New York
   28 Liberty Street, 16th Floor
   New York, New York 10005

4. Kathy C. Hochul
   Governor of the State of New York
   NYS State Capitol Building
   Albany, New York 12224