UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/15/2023_____
```

JIANQIAO LU,

                              Plaintiff,

            -against-

MIRIAM E. ROCAH, in her official capacity as
District Attorney for Westchester County;
CATALINA BLANCO BUITRAGO, in her
official capacity as Assistant District Attorney
for Westchester County; LETITIA A. JAMES, in
her official capacity as Attorney General of the
State of New York; KATHY C. HOCHUL, in her
official capacity as Governor of the State of New
York,

                              Defendants.

7:22-CV-9715 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

    *Pro se* Plaintiff Jianqiao Lu ("Plaintiff"), a citizen of China, was arrested and charged in

Westchester County, N.Y with criminal possession of a weapon in the first degree, *see* N.Y. Penal

Law § 265.04(2), and criminal possession of a weapon in the second degree, *see* N.Y. Penal Law

§ 265.03(2).  (ECF No. 2, the "Complaint," ¶¶ 1, 2, 15.)   Plaintiff, who is currently being held as

a pretrial detainee in the Westchester County Jail, brought this action on November 14, 2022 under

42 U.S.C. § 1983, challenging the constitutionality of N.Y. Penal Law § 265.04(2), N.Y. Penal

Law § 265.03(2), N.Y. Penal Law §§ 265.02(5)(i), and 265.01(5).  (*Id*. ¶¶ 1, 26–28.)  He seeks

injunctive and declaratory relief.  Plaintiff sues, in their respective official capacities, the following

defendants; (1) Miriam E. Rocah, the District Attorney of Westchester County; (2) Catalina Blanco

Buitrago, a Westchester County Assistant District Attorney who, Plaintiff alleges, is currently

prosecuting him; (3) Letitia A. James, the Attorney General of the State of New York; and

(4) Kathy C. Hochul, the Governor of the State of New York.  (*See id.* ¶¶ 1, 3–8.) By order dated

November 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  (*See* ECF No. 5.)

The Court is in receipt of incarcerated Plaintiff's letter, dated March 7, 2023 and received on March 10, 2023.  (ECF No. 11.) In the letter, Plaintiff requests (i) an extension of time for service to be effected on Defendants.  Plaintiff also states that he anticipates filing the following by March 31, 2023: (i)an amended complaint for declaratory and injunctive relief and a petition for writ of habeas corpus by March 31, 2023; (ii) an application for order to show cause as to why an amended complaint and petition for writ of habeas corpus; and (iii) memorandum of law in support his amended complaint and order to show cause filings.  Plaintiff also requests that the Court reconsider the denial of his request for *pro bono* counsel. (*See* ECF No. 7), Order dated December 16, 2022) For the following reasons, the Court GRANTS Plaintiff leave to file an amended complaint on or before April 15, 2023, and DENIES reconsideration of the Court's denial of *pro bono* counsel (*see* ECF No. 7), without prejudice.

## I.    LEAVE TO AMEND

On December 16, 2022, the Court issued an Order of Service directing the U.S.  Marshals Service to effect service of the complaint on the Defendants.  (*See* ECF No. 7.)  Because the U.S. Marshals Service has not indicated that it has served the named Defendants on the docket, nor has any Defendant responded to the Complaint, the Court GRANTS Plaintiff's request to file an Amended Complaint.  *See* Fed. R. Civ. P. (a)(1)(2).  Plaintiff is directed to file the Amended Complaint on or before April 15, 2023.

## II.    PRO BONO COUNSEL

The Court DENIES re-consideration of its decision denying pro bono counsel without prejudice. (*See* ECF No. 7).  Unlike in criminal proceedings, the Court does not have the power to

obligate attorneys to represent indigent pro se litigants in civil cases.  *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308-09 (1989).  Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel.  *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).   The Second Circuit has set forth the standards governing the appointment of counsel in pro se cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986).  These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the pro se litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity."   *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61-62).   "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the pro se litigant's "position seems likely to be of substance," or shows "some chance of success."  *Hodge*, 802 F.2d at 60-61.

Here, nothing has changed since this Court denied Plaintiff's last application for pro bono counsel on December 16, 2022.  (ECF No. 7.)  The litigation has not developed at all; Defendants have yet to respond to the pleadings and there is still no indication that Plaintiff's position shows a strong chance of success.  Additionally, the Court cannot conclude that Plaintiff is unable to handle the case without assistance, although this conclusion may change as the action progresses.

Therefore, because the Court does not find any circumstances which warrant the appointment of pro bono counsel at this time, Plaintiff's motion is DENIED without prejudice to renewal at a later stage in the proceedings.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to *pro se* Plaintiff at the address on the docket and show service on the docket.

The Court GRANTS leave to file an Amended Complaint on or before April 15, 2023.

The Court denies Plaintiff's reconsideration motion for the appointment of *pro bono* counsel without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

Lastly, the Court encourages *pro se* Plaintiff to contact the New York Legal Assistance Group Legal Clinic for *Pro Se* Litigants at the contact information provided in the attached flyer in order to seek assistance amending his complaint.


SO ORDERED.

Dated:    March 15, 2023
          White Plains, New York

_____
        NELSON S. ROMÁN
    United States District Judge

4



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

# NYLAG
## New York ▮ Legal Assistance Group

### LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
### SOUTHERN DISTRICT OF NEW YORK

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

## I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

## II.   FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time. NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____          _____
Signature                                                  Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**



Revised 10/30/22

**Name** _____   **Date of Birth** _____

**Facility** _____

**Identification #** _____   **Email (if available)** _____

<u>**How did you hear about our clinic? (Circle One)**</u>

Pro Se Intake Office              Order/Letter from the Judge              Conference/Hearing with the Judge

Pro Se Information Package        Website                                  Friend/Family

Other _____

<u>**Ethnicity (Circle One)**</u>

Asian/Pacific Islander           Hispanic                    Caucasian

African American                 Middle Eastern              Decline to Answer

African                          Caribbean

Native American                  South Asian

<u>**Education Level (Circle One)**</u>

8th Grade or Less                GED                         2-4 years of College/Vocational School

Some high school                 College graduate            Decline to Answer

High school graduate             Graduate degree

<u>**Gender:**</u> _____

<u>**SDNY Case Number:**</u> _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**