USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/5/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIANQIAO LU,

                Plaintiff,

-against-

MIRIAM E. ROCAH, in her official capacity as District Attorney for Westchester County; CATALINA BLANCO BUITRAGO, in her official capacity as Assistant District Attorney for Westchester County; LETITIA A. JAMES, in her official capacity as Attorney General of the State of New York; KATHY C. HOCHUL, in her official capacity as Governor of the State of New York,

                Defendants.

7:22-CV-9715 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

    *Pro se* Plaintiff Jianqiao Lu ("Plaintiff"), a citizen of China, was arrested and charged in Westchester County, N.Y with criminal possession of a weapon in the first degree, *see* N.Y. Penal Law § 265.04(2), and criminal possession of a weapon in the second degree, *see* N.Y. Penal Law § 265.03(2). (ECF No. 2, the "Complaint," ¶¶ 1, 2, 15.) Plaintiff, who is currently being held as a pretrial detainee in the Westchester County Jail, brought this action on November 14, 2022 under 42 U.S.C. § 1983, challenging the constitutionality of N.Y. Penal Law § 265.04(2), N.Y. Penal Law § 265.03(2), N.Y. Penal Law §§ 265.02(5)(i), and 265.01(5). (*Id*. ¶¶ 1, 26–28.) He seeks injunctive and declaratory relief. Plaintiff sues, in their respective official capacities, the following defendants; (1) Miriam E. Rocah, the District Attorney of Westchester County; (2) Catalina Blanco Buitrago, a Westchester County Assistant District Attorney who, Plaintiff alleges, is currently prosecuting him; (3) Letitia A. James, the Attorney General of the State of New York; and (4) Kathy C. Hochul, the Governor of the State of New York. (*See id.* ¶¶ 1, 3–8.)

By Order dated November 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (*See* ECF No. 5.) By Order dated December 16, 2022, the Court directed the U.S. Marshalls Office to effectuate service of process upon Defendants. (ECF No. 7.) A review of the docket reveals that the U.S. Marshalls purportedly served Plaintiff's original complaint upon the New York State Attorney General's Office on March 14, 2023. (ECF No. 13.) Thereafter, on March 15, 2023, the Court granted Plaintiff's application seeking leave of Court to file an Amended Complaint. (*See* ECF No. 12.) In that same Order, the Court denied, without prejudice to renew, Plaintiff's application seeking re-consideration of the Court's denial of *pro bono* counsel. (*Id.*)

Now before the Court is Plaintiff's motion, denominated as an "Application for Order to Show Cause" requesting that the named defendants show cause why Plaintiff should not be immediately released from pre-trial detention pending trial. (ECF No. 15.) For the following reasons, Plaintiff's application is Denied without prejudice to renew.

On March 31, 2023, Plaintiff filed an Amended Complaint. (ECF No. 14.) Federal Rules of Civil Procedure 12 provides, in pertinent part, that a defendant must serve an answer within 21 days after being served with the summons and complaint. Since Defendants' time to appear and file a responsive pleading in this action has yet to expire, the Court deems the application premature. Accordingly, the motion must be Denied without prejudice to renew at a later stage in the proceedings.

## CONCLUSION

Plaintiff's motion is Denied without prejudice to renew. The Court directs the Clerk of Court to mail a copy of this order to *pro se* Plaintiff at the address on the docket and show service on the docket.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 15.

SO ORDERED.

Dated: April 5, 2023
       White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge