UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____             │
│ DATE FILED: 4/13/2023                │
└─────────────────────────────────────┘
```

JIANQIAO LU,

                     Plaintiff,

          -against-

MIRIAM E. ROCAH, in her official capacity as
District Attorney for Westchester County;
CATALINA BLANCO BUITRAGO, in her
official capacity as Assistant District Attorney
for Westchester County; LETITIA A. JAMES, in
her official capacity as Attorney General of the
State of New York; KATHY C. HOCHUL, in her
official capacity as Governor of the State of New
York,

                    Defendants.

7:22-CV-9715 (NSR)

SUPPLEMENTAL ORDER OF
SERVICE

NELSON S. ROMÁN, United States District Judge:

       Plaintiff Jianqiao Lu, who is currently held as a pretrial detainee in the Westchester County

Jail, brings this *pro se* action under 42 U.S.C. § 1983, challenging the constitutionality of certain

sections of the New York Penal Law.  (ECF No. 2, the "Complaint" and ECF No. 14, the

"Amended Complaint.")  In the Complaint, Plaintiff names, in their respective official capacities,

the following defendants: (1) Miriam E. Rocah, the District Attorney of Westchester County; (2)

Catalina Blanco Buitrago, a Westchester County Assistant District Attorney who, Plaintiff alleges,

is currently prosecuting him; (3) Letitia A. James, the Attorney General of the State of New York;

and (4) Kathy C. Hochul, the Governor of the State of New York.  (*See id.* ¶¶ 1, 3–8.).  By order

dated November 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees.[1] An Order of Service was issued on December 16, 2022.  (ECF No. 7.)

On March 31, 2023, Plaintiff filed an Amended Complaint. (ECF No. 14.)  The Amended Complaint adds Mr. Joseph K. Spano, in his official capacity as Commissioner of the Westchester County Department of Corrections, as a new defendant.  (*See id*.) The Court directs service on newly added Defendant Joseph K. Spano.

## DISCUSSION

**A.      Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Joseph K. Spano through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons for Defendant Joseph K. Spano and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

If the Amended Complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff at the address on ECF, and show service on the docket.

The Court also directs the Clerk of Court to issue a summons for Defendant Joseph K. Spano; complete a USM-285 form with the addresses for this defendant; and deliver all documents necessary to effect service on the defendant to the U.S. Marshals Service.

SO ORDERED.

Dated:    April 13, 2023
          White Plains, New York

_____
        NELSON S. ROMÁN
        United States District Judge

## DEFENDANT AND SERVICE ADDRESSES

1. **Joseph K. Spano**
   Commissioner
   Westchester County Department of Corrections
   10 Woods Rd.
   Valhalla, NY 10595