```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/15/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIANQIAO LU,

                Plaintiff,

-against-

MIRIAM E. ROCAH, in her official capacity as District Attorney for Westchester County; CATALINA BLANCO BUITRAGO, in her official capacity as Assistant District Attorney for Westchester County; LETITIA A. JAMES, in her official capacity as Attorney General of the State of New York; KATHY C. HOCHUL, in her official capacity as Governor of the State of New York; and JOSEPH K. SPANO, in his official capacity as Commissioner of the Westchester County Department of Correction,

                Defendants.

7:22-CV-9715 (NSR)

ORDER

---

NELSON S. ROMÁN, United States District Judge:

    *Pro se* Plaintiff Jianqiao Lu ("Plaintiff"), a citizen of China, was arrested and charged in Westchester County, N.Y with criminal possession of a weapon in the first degree, *see* N.Y. Penal Law § 265.04(2), and criminal possession of a weapon in the second degree, *see* N.Y. Penal Law § 265.03(2). (ECF No. 14, the "Amended Complaint," ¶¶ 1, 14.) Plaintiff, who is currently being held as a pretrial detainee in the Westchester County Jail, brought this action on November 14, 2022 under 42 U.S.C. § 1983, challenging the constitutionality of N.Y. Penal Law §§ 265.04(2), 265.03(2), 265.02(5)(i), 265.02(7), 265.02(8), and 265.01(5). (*See* ECF No. 2 (Complaint); *see also* Amended Complaint ¶¶ 1, 41–46.) He seeks injunctive and declaratory relief. Plaintiff sues, in their respective official capacities, the following defendants: (1) Miriam E. Rocah, the District Attorney of Westchester County; (2) Catalina Blanco Buitrago, a Westchester County Assistant District Attorney who, Plaintiff alleges, is currently prosecuting him; (3) Joseph K. Spano,

1

Commissioner of the Westchester County Department of Correction; (4) Letitia A. James, the Attorney General of the State of New York; and (5) Kathy C. Hochul, the Governor of the State of New York. (*See id.* ¶¶ 1, 2–6.) By order dated November 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (*See* ECF No. 5.)

On March 31, 2023, Plaintiff filed an amended complaint (ECF No. 14) and an application for an Order to Show Cause pursuant to 28 U.S.C. § 2243 (the "28 U.S.C. § 2243 Application") as to why Plaintiff should not receive habeas relief under 18 U.S.C. § 2241 ("Section 2241") and be released from pretrial detention. (ECF No. 15.) The Court denied the Order to Show Cause without prejudice to renew, as the Court deemed the application to be premature because Defendants' time to appear and file a responsive pleading had yet to expire. (ECF No. 18.) On April 12, 2023, Plaintiff filed a motion for reconsideration on the denial of his 28 U.S.C. § 2243 Application. (ECF No. 20.) On April 21, 2023, after finding that Defendants had entered an appearance in the case, the Court issued a briefing schedule on the 28 U.S.C. § 2243 Application as well as on Defendants' motion to dismiss. (ECF No. 29.)

The 28 U.S.C. § 2243 Application was fully briefed as of May 18, 2023. In his application, Plaintiff requests that he be released immediately from his pre-trial detention, arguing that he is being criminally prosecuted under laws that are unconstitutional. (*See* ECF No. 15 (Order to Show Cause); *see generally*, ECF No. 16 ("Pl.'s Br."); ECF No. 30 (Pl.'s Reply.)) [1]

---

[1]  Defendants Letitia A. James, Attorney General of the State of New York, and N.Y. Governor Kathy C. Hochul (together, the "State Defendants") had filed an opposition letter stating that because Plaintiff is in the custody of Westchester County and not New York State, the Court should decline to issue the Order to Show Cause as to the State Defendants. (ECF No. 31.) On reply, Plaintiff agreed with the State Defendants and indicated that his 28 U.S.C. § 2241 petition is solely directed at Defendants Miriam E. Rocah, Catalina Blanco Buitrago, and Joseph Spano (together, the "County Defendants") and not the State Defendants. (Pl.'s Reply at 1.)

The County Defendants filed an opposition brief on the docket that appears to be incomplete, as it is missing a first page and has no caption. (ECF No. 34.) The Court reminds the County Defendants of their obligations to file

For the foregoing reasons, the Court DENIES Plaintiff's 28 U.S.C. § 2243 Application for habeas relief under Section 2241.  Defendants' motion to dismiss is currently being briefed by the parties and remains pending.

## **LEGAL STANDARD**

The Court may entertain a petition for a writ of habeas corpus from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243.  The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## **DISCUSSION**

For the following reasons, the Court finds that *Younger* abstention is warranted here, and therefore, the Court denies without prejudice Plaintiff's 28 U.S.C. § 2243 Application for relief under Section 2241.

**I.** *Younger* **Abstention**

---

memorandums of law that comport with the Court's Individual Rules and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  The County Defendants are advised that they must file complete, not draft, motion papers moving forward.

In *Younger v. Harris*, 401 U.S. 37, 41 (1971) the Supreme Court of the United States found that a federal district court's order enjoining a state criminal prosecution violated the "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." In doing so, the Court reiterated the long-standing "reason for restraining courts of equity from interfering with criminal prosecutions." *Id*. at 44. The Second Circuit further explained that *Younger* abstention "seeks to avoid federal court interference with ongoing state criminal prosecutions, state-initiated civil enforcement proceedings, and state civil proceedings that involve the ability of state courts to perform their judicial functions." *Jones v. County of Westchester*, 678 Fed. Appx. 48, 49-50 (2d Cir. 2017) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013)). In sum, "federal courts must abstain from exercising subject matter jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Wilson v. Emond*, 373 Fed. App'x. 98, 100 (2d Cir. 2010); s*ee also McPherson v. Lamont*, 457 F. Supp. 3d 67, 82 (D. Conn. 2020) ("Where it applies, *Younger* abstention is mandatory, and thus the federal court may not retain jurisdiction and must dismiss the claims governed by *Younger*.") (citing *Juidice v. Vail*, 430 U.S. 327, 348 (1977)).

Here, Plaintiff asks the Court to enjoin his state court criminal proceedings because he argues that he is being criminally prosecuted under unconstitutional state laws that interfere with his Second Amendment rights. This is *precisely* the kind of case where *Younger* abstention applies. *See Sprint Commc'ns, Inc.*, 134 S. Ct. at 588 ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Stewart v. Collins*, No. 21-CV-2622 (LTS), 2021 WL 3293500, at *2 (S.D.N.Y. Aug. 2, 2021) ("Section 2241 provides a narrow window for a state detainee to challenge his pretrial detention, but a section 2241 petition cannot

be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.") (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493 (1973)).  Therefore, the Court must abstain from considering Plaintiff's request for relief under Section 2241.

There are a couple of exceptions to applying *Younger* abstention, including special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate.  *See Kellier v. Ross*, No. 22-CV-2506 (LTS), 2022 WL 1292290, at *5 (S.D.N.Y. Apr. 29, 2022).  None of those exceptions apply here.

Plaintiff argues in his opening brief that the state forum is inadequate for reasons of bad faith and bias.  (Pl.'s Br. at 26).  Plaintiff argues that New York has a "structural and systemic bias against firearm owners and the Second Amendment."  (Pl.'s Br. at 30.)  He also avers that the penalty recommended by District Attorney Rocah – 12 years' imprisonment – is "grossly disproportionate to my purported offense" and therefore evidences prosecutorial bias.  (*Id*. at 32.)  Finally, Plaintiff argues that Westchester County Supreme Court is prone to be biased because, among other reasons, "it is universal knowledge that Westchester County is one of the most anti-gun localities in New York State."  (*Id*. at 33–34.)

The Court finds that these arguments do not support a finding of bias or bad faith prosecution that triggers an exception to applying *Younger* abstention.  Plaintiff does not deny that he possessed guns without a license at the time of his arrest— he instead argues that the laws punishing such conduct are unfair and infringe upon his Second Amendment Rights.  (*See id*. at 30–34.)  The fact that Plaintiff disagrees with New York's guns laws as they currently stand does not mean that prosecutors or state courts are biased because they are applying and enforcing current laws.

5

Courts have also found special circumstances warranting *habeas* relief before trial where the petitioner's rights cannot be fully vindicated at the conclusion of trial. *See Stewart*, 2021 WL 3293500, at *2 (discussing cases). Courts, for example, have declined to abstain when litigants raise double jeopardy claims in pretrial *habeas* petitions "because the right to avoid the ordeal of undergoing multiple trials cannot be vindicated after the second trial." *Stewart*, 2021 WL 3293500, at *2 (citing *Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979)).

A pending state prosecution ordinarily provides the accused "a fair and sufficient opportunity for vindication of federal constitutional rights." *Stewart*, 2021 WL 3293500, at *2 (citing *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Indeed, the Court notes that many individuals facing prosecution for gun possession-related violations in state courts have been bringing constitutional claims in their defense. *See, e.g., People v. Brundige*, 78 Misc. 3d 616, 617, 182 N.Y.S.3d 595, 596 (N.Y. Sup. Ct. 2023) ("The defendant further argues that P.L. § 265.03 itself is unconstitutional based on the fact 'it embeds an unconstitutional licensing law.'"); *People v. Rodriguez*, 76 Misc. 3d 494, 171 N.Y.S.3d 802 (N.Y. Sup. Ct. 2022) ("Indicted for, among other things, two counts of criminal possession of a weapon in the second degree, defendant now moves to dismiss these charges as an unconstitutional infringement on his right to bear arms."); *People v. Frazzini*, 78 Misc. 3d 1233(A), 187 N.Y.S.3d 581 (N.Y. Sup. Ct. 2023) ("defendant . . . charged with Criminal Possession of a Weapon in the Second Degree pursuant to Penal Law § 265.03(3) by way of indictment . . . moved to dismiss the indictment pursuant to Criminal Procedure Law § 210.25(1)(a); specifically, that Penal Law § 265.03(3) is unconstitutional."). It is clear that the state court presiding over Plaintiff's criminal matter is an adequate forum to hear Plaintiff's constitutional defenses.

Courts have also declined to abstain under the *Younger* doctrine where a prisoner was detained without probable cause hearings, *see Gerstein v. Pugh*, 420 U.S. 103, 108 (1975), or where a petitioner sought to be brought speedily to trial and made no effort to abort or disrupt the judicial process, *see Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493 (1973).

In his opening brief, Plaintiff argues that he had been detained without bail "for an inordinate period of time" and that he has been in pre-trial detention for over seventeen months, but he had yet to have any substantive haring before a state-court judge. (Pl.'s Opp. at 38.) However, in his reply papers, Plaintiff attaches a letter that he sent to his attorney in his state court criminal matter indicating that he had been consenting to voluntary delays and adjournments. (*See* Pl.'s Reply, Exh. A (letter from Plaintiff to Mr. Jeremy Saland, Esq., dated Nov. 25, 2022 ("I do wish to exercise my right to a speedy trial and will not longer consent to further voluntary delays or adjournments by you or the prosecutor.")).   In a footnote, Plaintiff also states that he "is not asking this Court to supersede the state court and make a bail determination. That ship has sailed. Instead, because of the patently unconstitutional nature of the statutes involved . . . the Court should put a stop to my state criminal proceeding and release me, pending resolution of this action on the merits." (Pl.'s Reply at 6 n.7).  Plaintiff also complains about the representation he has received from his state court counsel and blames his counsel for delays, stating that his counsel "has yet to file a single motion on my behalf in the Westchester County Court." (*Id*. at 8.)

Because Plaintiff explicitly indicates that he is not seeking to make this application in order to receive a bail determination,[2] the Court need not assess whether there are any extraordinary circumstances related to the fact that he remains in pre-trial detention.  Nor does Plaintiff appear to explicitly make a claim that he is experiencing a prolonged pre-trial detention that violates his

---

[2]  It is unclear based on the parties' motion papers whether Plaintiff has had a bail hearing at this point.

constitutional right to due process. *See c.f., Jordan v. Bailey*, 985 F. Supp. 2d 431, 432 (S.D.N.Y. 2013), aff'd, 570 F. App'x 42 (2d Cir. 2014) (petitioner "filed this unusual petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the basis that such prolonged pre-trial detention violates her constitutional right to due process"). Plaintiff's own allegations indicate that the length of his current pre-trial detention was due to, at least in part, by his own voluntary consents to adjournment, and by his own state court counsel's actions. To the extent that Plaintiff is unhappy with his state court counsel's representation in the state court criminal proceeding, Plaintiff should raise such concerns before the state court and seek remedies in that forum.

For the aforementioned reasons, the Court denies Plaintiff's petition for habeas relief under Section 2241.

## II.   Exhaustion Requirements

Before Petitioner may seek habeas corpus relief under Section 2241, however, he must show exhaustion of his administrative remedies. Although Section 2241 does not expressly require exhaustion of administrative remedies, "[i]t is well-settled that an appellant must exhaust his administrative remedies before seeking habeas corpus relief in the federal courts." *Gonzalez v. Perrill*, 919 F.2d 1, 1 (2d Cir. 1990) (per curiam); s*ee Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (federal prisoners must exhaust administrative remedies prior to filing petition for habeas relief); *Lallave v. Martinez*, No. 22-CV-791, 2022 WL 2338896, at *3 (E.D.N.Y. June 28, 2022) (applying exhaustion requirement to petition filed by petitioner under home confinement); *Cohen v. United States*, No. 21-CV-10833 (JGK), 2021 WL 1549917, at *3 (S.D.N.Y. Apr. 20, 2021) (same). A court may excuse the failure to exhaust where "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain

instances a petitioner has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003).

While Plaintiff acknowledges that he has not satisfied exhaustion requirements, he argues that his failure to exhaust should be excused because: (i) his federal claims are not addressable in state court due to prosecutorial and judicial bias (Pl.'s Reply at 5–7); (ii) state remedies are beyond Plaintiff's reach because his own attorney in the state court proceeding has failed to take actions to advance his constitutional claims in the state forum (*id*. at 7–10); (iii) he faces irreparable harm by remaining in prison due to enforcement of purported unconstitutional statutes (*id*. at 10–12); and (iv) he raises constitutional questions (*id*. at 12–13)."

Because the Court finds that *Younger* abstention applies, the Court need not undertake a separate analysis regarding whether Plaintiff's 2 U.S.C. 2241 petition fails for failure to exhaust.

## CONCLUSION

For foregoing reasons, Plaintiff's application for habeas relief under 18 U.S.C. § 2241 is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 20. The Clerk of the Court is kindly directed to mail a copy of this Order to *pro se* Plaintiff and show service on the docket.

Dated:  June 15, 2023  SO ORDERED:
        White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge