```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/28/2023__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIANQIAO LU,

                      Plaintiff,

-against-

MIRIAM E. ROCAH, in her official capacity as District Attorney for Westchester County; CATALINA BLANCO BUITRAGO, in her official capacity as Assistant District Attorney for Westchester County; LETITIA A. JAMES, in her official capacity as Attorney General of the State of New York; KATHY C. HOCHUL, in her official capacity as Governor of the State of New York,

                      Defendants.

7:22-CV-9715 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

      The Court is in receipt of incarcerated *pro se* Plaintiff's letter, dated June 19, 2023. (ECF No. 38 ("Plaintiff's Ltr.")). Plaintiff states that he voluntarily withdraws Count V of the Amended Complaint, which invokes 42 U.S.C. § 1983 ("Section 1983") in order to challenge the constitutionality of N.Y. Penal Law § 265.01(5). (ECF No. 14 ("AC") ¶¶ 47, 91–97.) Plaintiff argues that doing so would "(1) convert this action to a habeas corpus petition arising exclusively under 28 U.S.C. § 2241; (2) moot State and County Defendants' pending motions to dismiss the civil rights claim; and (3) render the Court's June 15, 2023 Order and Opinion denying habeas relief a final judgment and therefore immediately appealable to the Second Circuit." (Plaintiff's Ltr. at 2).[1]

---

[1] Plaintiff also requests that the Court issue a certificate of appealability to allow him to appeal the Court's Order and Opinion, dated June 15, 2023, denying his Order to Show Cause under 28 U.S.C. § 2243 for 28 U.S.C. § 2241 ("Section 2241") habeas relief. (*See* ECF No. 37.) The Court will issue a separate order regarding Plaintiff's application for a certificate of appealability, which will follow the instant order.

1

As discussed below, the Court GRANTS Plaintiff's request to voluntarily withdraw without prejudice Count V of the Amended Complaint, construes the remainder of Plaintiff's action as a Section 2241 petition, and DISMISSES the action in accordance with the Court's June 15, 2023 Order and Opinion (*see* ECF No. 37).

## PROCEDURAL BACKGROUND

By way of background, Plaintiff was arrested and charged in Westchester County, N.Y with criminal possession of a weapon in the first degree, see N.Y. Penal Law § 265.04(2), and criminal possession of a weapon in the second degree, see N.Y. Penal Law § 265.03(2). (AC ¶¶ 1, 14.) Plaintiff is being held as a pretrial detainee in the Westchester County Jail pending the prosecution of his charges. Plaintiff initially filed this action on November 14, 2022 under Section 1983, challenging the constitutionality of N.Y. Penal Law §§ 265.04(2), 265.03(2), 265.02(5)(i), and 265.01(5) under the Second Amendment, Equal Protection Clause of the Fourteenth Amendment, and the Due Process Clause of the Fourteenth Amendment. (*See* ECF No. 2 (the "Complaint"), ¶¶ 34–87.)

On March 31, 2023, Plaintiff filed an "Amended Complaint for Declaratory and Injunctive Relief and Petition for Writ of Habeas Corpus," which the Court construed as Plaintiff's Amended Complaint. (*See* AC.) In his Amended Complaint, Plaintiff states that he seeks to challenge N.Y. Penal Law §§ 265.04(2), 265.03(2), 265.02(5)(i), 265.02(7), 265.02(8) as part of his federal habeas corpus claim (Counts I to IV of the AC) and seeks to challenge N.Y. Penal Law § 265.01(5) under Section 1983 (Count V of the AC). (*See* AC ¶ 47.)

That same day, Plaintiff filed an application for an Order to Show Cause pursuant to 28 U.S.C. § 2243 as to why Plaintiff should not receive habeas relief under Section 2241 and be released from pretrial detention (the "28 U.S.C. § 2243 Application" or the "Application"). (ECF

No. 15.) The Court denied the Application without prejudice to renew, as the Court deemed the application to be premature because Defendants' time to appear and file a responsive pleading had yet to expire. (ECF No. 18.) On April 12, 2023, Plaintiff filed a motion for reconsideration on the denial of his 28 U.S.C. § 2243 Application. (ECF No. 20.) On April 21, 2023, after finding that Defendants had entered an appearance in the case, the Court issued a briefing schedule on the 28 U.S.C. § 2243 Application as well as on Defendants' motion to dismiss the Amended Complaint. (ECF No. 29.)

On June 15, 2023, the Court issued an Order and Opinion denying Plaintiff's 28 U.S.C. § 2243 Application. (ECF No. 37.) In his Application, Plaintiff had requested that he be released immediately from his pre-trial detention at the Westchester County Jail, arguing that he is being criminally prosecuted under N.Y. penal laws that he purports are unconstitutional. (*See id*. at 2.) The Court concluded that the *Younger* abstention doctrine barred the Court from entertaining Plaintiff's request for relief sought in the Application. (*Id*. at 4 (citing *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.")).

**DISCUSSION**

The Court has reviewed Plaintiff's requests outlined in his June 19, 2023 letter. (*See* Plaintiff's Ltr.) First, the Court GRANTS Plaintiff's request to voluntarily withdraw without prejudice Count V of the Amended Complaint. (AC ¶¶ 47, 91–97).

Second, the Court GRANTS Plaintiff's request to construe the remainder of his action as a Section 2241 petition. Plaintiff states that Count V of the Amended Complaint was his only count

3

brought under Section 1983, and that his remaining counts are all brought under a Section 2241 petition for habeas relief. (*See* Plaintiff's Ltr. at 2 n.3.)

Third, the Court finds that its June 15, 2023 Order and Opinion denying Plaintiff's 28 U.S.C. § 2243 Application applies to Plaintiffs' remaining claims, which seeks the same habeas relief under Section 2241. (*See* ECF No. 37.) Because Plaintiff's request for relief under Section 2241 is barred under the *Younger* abstention doctrine for the reasons specified in the June 15, 2023 Order and Opinion, the Court dismisses Plaintiff's Section 2241 petition.

The pending motion to dismiss the amended complaint is DENIED as MOOT.

## CONCLUSION

As discussed above, the Court (i) GRANTS Plaintiff's request to withdraw without prejudice Count V of the Amended Complaint; (ii) GRANTS Plaintiff's request to construe the remaining action as a Section 2241 Petition; (iii) in accordance with the Court's June 15, 2023 Order and Opinion (ECF No. 37), DENIES Plaintiff's Section 2241 petition; (iv) DENIES Defendants' pending motion to dismiss as moot; and (v) terminates the action.

The Clerk of the Court is directed to terminate the case. The Clerk of the Court is also kindly directed to mail a copy of this order to *pro se* Plaintiff and show service on the docket.

Dated: June 28, 2023
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

4