UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
JIANQIAO LU,
                                Plaintiff,

         -against-

MIRIAM E. ROCAH, in her official capacity as
District Attorney for Westchester County;
CATALINA BLANCO BUITRAGO, in her
official capacity as Assistant District Attorney
for Westchester County; LETITIA A. JAMES, in
her official capacity as Attorney General of the
State of New York; KATHY C. HOCHUL, in her
official capacity as Governor of the State of New
York,
                                Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/28/2023

7:22-CV-9715 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Jianqiao Lu ("Plaintiff"), a citizen of China, was arrested and charged in Westchester County, N.Y with criminal possession of a weapon in the first degree, *see* N.Y. Penal Law § 265.04(2), and criminal possession of a weapon in the second degree, *see* N.Y. Penal Law § 265.03(2). (ECF No. 14, the "Amended Complaint," ¶¶ 1, 14.)  On June 15, 2023, issued an order and opinion denying Plaintiff's Order to Show Cause application under 28 U.S.C. § 2243, seeking habeas relief under 28 U.S.C. § 2241 ("Section 2241"). (ECF No. 37.)  In his application, Plaintiff requested that he be released immediately from his pre-trial detention at the Westchester County Jail, arguing that he is being criminally prosecuted under N.Y. penal laws that he purports are unconstitutional.[1]  The Court concluded that *Younger* abstention was warranted and therefore,

---

[1] Specifically, in his amended complaint Plaintiff challenges the constitutionality of N.Y. Penal Law §§ 265.04(2), 265.03(2), 265.02(5)(i), 265.02(7), 265.02(8), and 265.01(5).

the Court denied without prejudice Plaintiff's 28 U.S.C. § 2243 application for relief under Section 2241.

"There is no doubt that a state prisoner challenging his sentence under 28 U.S.C. § 2254(a), which permits a federal judge to grant a writ of habeas corpus to a prisoner who is in custody pursuant to the judgment of a State court, must obtain a COA to appeal a district court judgment, since such a prisoner is challenging detention arising out of process issued by a state court." *Hoffler v. Bezio*, 726 F.3d 144, 152 (2d Cir. 2013) (internal quotation omitted). The standard for issuing the certificate of appealability is whether "jurists of reason would find it debatable whether the petition states a valid claim." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Where, as here, the denial of the habeas petition is based upon procedural grounds, the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation." *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (emphasis in original) (citing *Slack*, 529 U.S. at 478.)

It is well established that *Younger* abstention precludes the Court from granting Plaintiff's relief that he seeks under Section 2241 — to enjoin his state court criminal proceedings based on his claim that he is being criminally prosecuted under unconstitutional state laws that interfere with his Second Amendment rights. *See Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("Younger exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Stewart v. Collins*, No. 21-CV-2622 (LTS), 2021 WL 3293500, at *2 (S.D.N.Y. Aug. 2, 2021) ("Section 2241 provides a narrow window for a state detainee to challenge his pretrial detention, but a section 2241 petition cannot be used to "permit the

derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.") (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493 (1973)).

Accordingly, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). The Court certifies under 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 US 438, 444–45 (1962).

The Clerk of the Court is directed to mail a copy of this order to *pro se* Petitioner at his address on ECF and to show service on the docket.

Dated: June 28, 2023
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE