Jianqiao Lu<br>
*Pro Se* Petitioner<br>
WCDOC #265008<br>
PO Box 10<br>
Valhalla, NY 10595-0010<br>
lu@luvrocah.com

April 5, 2024

<u>Via Email</u>
The Honorable Nelson S. Román
United States District Judge
c/o Pro Se Intake Unit
Charles L. Brieant Jr. Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

**RE: LU v. ROCAH, 7:22-CV-9715 (NSR)**

Dear Judge Román:

    With the underlying state criminal trial in the above-referenced case currently scheduled to commence on April 29, 2024, I write to respectfully request that the Court expedite a ruling on my pending motion to file a second pretrial habeas petition under 28 U.S.C. § 2241, which motion was fully briefed as of February 20, 2024. (*See generally* ECF 47-56.)

    Courts in this district routinely fast-track claims of unconstitutional detention arising under § 2241. *See generally*, *e.g.*, *Cohen v. Barr*, No. 20-CV-5614(AKH) (granting writ of habeas corpus three days after filing); *Basank v. Decker*, No. 20-CV-2518(AT) (granting TRO and releasing petitioners within one day); *Martinez v. McAleenan*, No. 19-CV-2627(NSR) (issuing writ 14 days after briefing); *Jordan v. Bailey*, No. 13-CV-7651(KBF) (resolving state pretrial detainee's petition within one month); *Marte v. Berkman*, No. 11-CV-6082(JFK) (resolving same within two months).

    Here, I am merely asking the Court to determine whether it has jurisdiction to entertain a renewed § 2241 petition—a request that is on the verge of becoming moot. Once the state trial concludes, 28 U.S.C. § 2254 will kick in, along with AEDPA's rigid and unforgiving barriers to federal habeas relief. Whatever the Court's view may be on the continued applicability of *Younger* abstention, there is no denying that this case presents meritorious constitutional claims —claims that, but for the state court's bad-faith obstructionism, should have facilitated my release by now. And so the equities strongly favor an expeditious ruling by this Court.

      Moreover, on the off chance that the Court intends to deny my motion without further fact-finding, it should take into account the extra time that I—a *pro se* prisoner—would need to seek emergency relief before the Second Circuit and, if necessary, before the Supreme Court. In any event, I implore the Court, in the interest of justice, to render a decision on this matter without further delay.

      Thank you for your consideration.

                                          Respectfully submitted,
                                          /s/ Jianqiao Lu
                                          Jianqiao Lu[1]

cc:     NSR Chambers
         Westchester County Attorney's Office
             Irma W. Cosgriff, Deputy County Attorney

---

[1] This document has been telephonically transcribed and prepared by a nonincarcerated individual under my direction. *See* Instructions: Email Pro Se Filings (April 2021), available at https://www.nysd.uscourts.gov/sites/default/files/2021-04/2021-04-21-Email-Instructions-pro-se-filings-final.pdf (permitting typed signatures and third-party emails).