USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JIANQIAO LU,

                      Plaintiff,

-against-

MIRIAM E. ROCAH, in her official capacity as District Attorney for Westchester County; CATALINA BLANCO BUITRAGO, in her official capacity as Assistant District Attorney for Westchester County; LETITIA A. JAMES, in her official capacity as Attorney General of the State of New York; KATHY C. HOCHUL, in her official capacity as Governor of the State of New York; and JOSEPH K. SPANO, in his official capacity as Commissioner of the Westchester County Department of Correction,

                      Defendants.

No. 22-CV-9715 (NSR)
ORDER AND OPINION

---

NELSON S. ROMÁN, United States District Judge

    *Pro se* Plaintiff, Jianqiao Lu ("Plaintiff"), a citizen of China, was arrested and charged in New York State Westchester County Supreme Court with criminal possession of a weapon in the first degree, see N.Y. Penal Law § 265.04(2), and criminal possession of a weapon in the second degree, see N.Y. Penal Law § 265.03(2). (ECF No. 14, the "Amended Complaint," ¶¶ 1, 14.) Plaintiff, who is currently being held as a pretrial detainee in the Westchester County Jail, commenced this action on November 14, 2022, pursuant to 42 U.S.C. § 1983, challenging the constitutionality of N.Y. Penal Law §§ 265.04(2), 265.03(2), 265.02(5)(i), and 265.02(7), 265.02(8), and 265.01(5). (*Id.* ¶¶ 41-46.) Plaintiff named the following state representatives as defendants in their respective official capacities: (1) Miriam E. Rocah, the District Attorney of Westchester County; (2) Catalina Blanco Buitrago, a Westchester County Assistant District Attorney who, Plaintiff alleges, is currently prosecuting him; (3) Letitia A. James, the Attorney

General of the State of New York; (4) Kathy C. Hochul, the Governor of the State of New York; and (5) Joseph K. Spano, the Commissioner of the Westchester County Department of Corrections. (See *Id.* ¶¶ 2-6.)

By motion, denominated as an Order to Show Cause, dated March 31, 2023, Plaintiff requested that the named defendants show cause why Plaintiff should not be immediately released from pre-trial detention pending trial. (ECF No. 15.) On April 5, 2023, the Court denied the motion without prejudice to renew. (ECF No. 18.) On April 12, 2023, Plaintiff filed a motion for reconsideration seeking once again his immediately release from pre-trial detention pending his state court criminal trial. (ECF No. 20.) By Order dated June 15, 2023 ("the "June Order"), this Court denied Plaintiff's reconsideration application (ECF No. 37.)

In the June Order, the Court determined, *inter alia*, that *Younger* abstention applied. More specifically, the Court held:

> [i]n *Younger v. Harris*, 401 U.S. 37, 41 (1971) the Supreme Court of the United States found that a federal district court's order enjoining a state criminal prosecution violated the "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." In doing so, the Court reiterated the long-standing "reason for restraining courts of equity from interfering with criminal prosecutions." Id. at 44. The Second Circuit further explained that *Younger* abstention "seeks to avoid federal court interference with ongoing state criminal prosecutions, state-initiated civil enforcement proceedings, and state civil proceedings that involve the ability of state courts to perform their judicial functions." *Jones v. County of Westchester*, 678 Fed. Appx. 48, 49-50 (2d Cir. 2017) (*citing Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013)). In sum, "federal courts must abstain from exercising subject matter jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Wilson v. Emond*, 373 Fed. App'x. 98, 100 (2d Cir. 2010); *see also McPherson v. Lamont*, 457 F. Supp. 3d 67, 82 (D. Conn. 2020) ("Where it applies, *Younger* abstention is mandatory, and thus the federal court may not retain jurisdiction and must dismiss the claims governed by *Younger*.") (*citing Juidice v. Vail,* 430 U.S. 327, 348 (1977)).
>
> Here, Plaintiff asks the Court to enjoin his state court criminal proceedings because he argues that he is being criminally prosecuted under unconstitutional

2

>state laws that interfere with his Second Amendment rights. This is *precisely* the kind of case where *Younger* abstention applies. *See Sprint Commc'ns, Inc.,* 134 S. Ct. at 588 ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Stewart v. Collins,* No. 21-CV2622 (LTS), 2021 WL 3293500, at *2 (S.D.N.Y. Aug. 2, 2021) ("Section 2241 provides a narrow window for a state detainee to challenge his pretrial detention, but a section 2241 petition cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.") (*citing Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493 (1973)). Therefore, the Court must abstain from considering Plaintiff's request for relief under Section 2241.

*Id.* Though the Court recognized that there are "a couple of exceptions apply to *Younger* abstention, including special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate . . . . None of those exceptions appl[ied]." *Id.*

In a letter dated June 19, 2023, Petitioner sought, *inter alia*, a certificate of appealability. (ECF No. 38). In an order dated June 28, 2023, the Court denied Petitioner's request on grounds that *Younger* abstention applied and relying on the rationale set forth in the June Order. (ECF No. 40).

By letter dated, May 13, 2024, Petitioner again seeks a certificate of appealability. Plaintiff has asserted no new facts as compared to those in his earlier requests. Therefore, upon review of the docket, the Court's prior orders and moving papers, the Court determines that Petitioner has not made "a substantial showing of the denial of a constitutional right," such that a certificate of appealability will not be issued.  28 U.S.C. § 2253; see *Lucidore v. N.Y.S. Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)) ("a 'substantial showing' does not compel a petitioner to demonstrate that he would prevail on the merits, but merely that the issues involved in his case 'are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve

3

encouragement to proceed further.'"); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, see *Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous."); *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322-23 (S.D.N.Y. 2010) (citing *Coppedge* and noting that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith). Petitioner may still avail himself of the procedures for seeking a certificate from the court of appeals. See 28 U.S.C. §§ 2254 & 2255 (Rule 11); see, e.g., *United States v. Whitman*, 153 F. Supp. 3d 658, 659 (S.D.N.Y. 2015).

Dated: May 29, 2024  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN